UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                  Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:**   (IN CHAMBERS)  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 31)

Before the Court is a Motion to Dismiss filed by Defendant Ford Motor Company ("Ford").  (Mot., Doc. 31.)  Plaintiffs John Salas and Francisco Xavier Gonzalez opposed, and Ford replied.  (Opp., Doc. 34; Reply, Doc. 35.)  The Court held a hearing on this matter on November 21, 2025.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART Ford's Motion.

**I.   BACKGROUND**

This is a putative class action involving the 2022–2025 model years of the Mustang Mach-E (the "class vehicles") manufactured by Ford.  (Second Amended Complaint ("SAC") ¶ 1, Doc. 28.)  Ford designed the class vehicles without door handles on the exterior and without a conventional key or keyhole, instead equipping them with "E-Latch"—an electronic door lock system that allows owners to open the doors of the vehicle using a keyless fob or smartphone.  (*Id.* ¶¶ 19–22.)  Ford advertises the E-Latch system on its website as "an easier way to access your vehicle."  (*Id.* ¶ 24.)  The E-Latch system, however, cannot operate unless the vehicle has power.  (*Id.* ¶ 20.)  And Ford did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                              Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

not equip the class vehicles with an "alternative non-electric way to open the vehicle doors." (*Id.* ¶ 40.)

Plaintiffs allege that in the event of battery failure or loss of power to the class vehicles, the doors cannot be opened from outside the vehicle unless the vehicle is jump-started (the "Defect"). (*Id.* ¶ 1.) According to Plaintiffs, the Defect is costly and difficult to overcome as owners must purchase an external power source, and then undergo a "tedious multi-step process," to jump-start the vehicle. (*Id.* ¶¶ 30–37.) The Defect also presents a significant safety risk because passengers who are physically unable to open the doors from inside the vehicle (such as small children, the elderly, individuals with disabilities, and pets) can become effectively trapped in the vehicle if the battery dies, as a driver who has exited the vehicle and closed the driver door will be unable to retrieve these passengers by opening the doors from the outside. (*Id.* ¶¶ 28, 36–37.)

The two named Plaintiffs purchased class vehicles from Ford-authorized dealerships in California in July 2022 and April 2024. (*Id.* ¶¶ 65, 69.) On February 27, 2025, Plaintiffs initiated this action against Ford, and on April 7, 2025, Plaintiffs filed their First Amended Complaint ("FAC"). (First Amended Complaint ("FAC"), Doc. 11.) In their FAC, Plaintiffs alleged that Ford knew of, but failed to disclose and/or actively concealed, the Defect prior to selling the class vehicles to Plaintiffs, and brought five claims for relief. (*Id.* ¶¶ 69, 126–206.) On May 8, 2025, Ford filed its motion to dismiss the FAC pursuant to Rule 12(b)(1), on the issue of Article III standing, and pursuant to Rule 12(b)(6) for failure to state a claim. (*See generally* First Mot., Doc. 22.)

On July 14, 2025, the Court granted in part Ford's motion to dismiss the FAC, rejecting Ford's arguments that Plaintiffs do not have standing, but dismissing Plaintiffs' claims for failure to adequately allege that Ford had a duty to disclose the Defect. (Order Re MTD FAC at 6, 20–21, Doc. 26.) The Court granted Plaintiffs leave to amend on four

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                          Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

claims.  (*Id.* at 21.)  Plaintiffs filed their Second Amended Complaint ("SAC") on July 28, 2025.  (SAC.)  Plaintiffs' SAC alleges that Plaintiffs were unaware of the Defect at the time they purchased their vehicles, that Ford did not inform Plaintiffs of the Defect despite having knowledge of it, and that as a result, Plaintiffs lost money because "they did not receive what they reasonably believed they were paying for" and Ford "realized a commensurate unearned gain."  (*Id.* ¶¶ 78–80, 85.)  Plaintiffs bring two claims for violation of California's Unfair Competition Law ("UCL") and unjust enrichment.  (*Id.* ¶¶ 135–76.)

On September 9, 2025, Ford filed the instant motion to dismiss Plaintiffs' SAC.  (Mot.)  In this second motion to dismiss, Ford once again argues that Plaintiffs' claims should be dismissed pursuant to 12(b)(1) because Plaintiffs do not have standing.  (*Id.* at 12–18.)  In addition, Ford raises for the first time the effect of a recall notice Ford issued in June 2025 (the "Recall") to address the Defect.[1]  (Recall Report.)  The Recall notifies owners that "[i]n the event of an unexpected 12V battery discharge . . . . [if] the driver or front passenger exit the front doors using the mechanical inside release handles, the doors will remain locked when they are re-closed [which] may result in an unexpected lock-out condition for the driver and front passenger without the ability to immediately re-enter the vehicle."  (*Id.* at 2.)  The Recall therefore informs owners that Ford will update their vehicles' software to "extend 12V support post-key off for 12 minutes."  (*Id.* at 6.)  Ford states that this software update will prevent "lockout due to a discharged battery" during the 12-minute window post-key off.  (*Id.*)  Ford further states that during that same 12-

---

[1] The Court GRANTS Ford's request that the Court take judicial notice of the Recall Report.  (Request for Judicial Notice, Doc. 31-3; Ex. A to Fresard Decl., Recall Report, Doc. 31-2.)  "Documents available through government agency websites are often considered appropriate for judicial notice as documents in the public record not reasonably subject to dispute."  *Musgrave v. ICC/Marie Callender's Gourmet Products Div.,* 2015 WL 510919, at *3 (N.D.Cal. Feb. 5, 2015) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-01701-JLS-PD | Date: December 26, 2025 |
| Title:  John Salas et al v. Ford Motor Company | |

minute window post-key off, the "front doors will unlock when inside release handles are used to open them," and they will "remain unlocked until they are intentionally locked by the customer."  (*Id.*)  Ford argues that the Recall renders Plaintiffs' claims moot, or alternatively, not ripe.  (*See generally* Mot.)  Ford further argues that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6).  (*Id.*)

## II.     JURISDICTION

### A.     Legal Standard

A motion to dismiss for lack of standing under Article III is properly raised in a motion to dismiss under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) ("In the absence of standing, a federal court lacks subject matter jurisdiction over the suit.") (quotations omitted).  To demonstrate Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  A plaintiff establishes an injury in fact when he has suffered an injury that is "concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).  "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n. 22 (1997) (internal citations and quotations omitted).

Furthermore, "[t]he ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."  *Nat'l*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                        Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

*Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks omitted).  Accordingly, "[t]he ripeness inquiry contains both a constitutional and a prudential component.  The constitutional component focuses on whether there is sufficient injury, and thus is closely tied to the standing requirement; the prudential component, on the other hand, focuses on whether there is an adequate record upon which to base effective review."  *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902–03 (9th Cir. 1993) (internal citation omitted).

    **B.**    **Analysis**

Ford argues that Plaintiffs lack standing in part because "Plaintiffs' alleged 'loss in value' damages do 'not constitute a distinct and palpable injury," and "Plaintiffs lack standing as to unpurchased products."  (Mot. at 13, 15.)  However, these arguments mimic Ford's arguments in its motion to dismiss the FAC, which the Court already discussed at length and rejected in its previous Order.  (*See* Order Re MTD FAC at 6–12.)

Ford contends that it may re-raise these arguments because "the [Second] [A]mended [C]omplaint is a new complaint."  (Reply at 7 (*citing San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 360 F. Supp. 3d 1039, 1046 (S.D. Cal. 2019)).)  But, unlike the defendant in *San Diego County Credit Union*, Ford does not point to *any* differences between Plaintiffs' FAC and SAC which would support a new ground for dismissal; instead, its motion articulates Ford's disagreements with the Court's legal conclusions in its prior Order.  (*See* Mot. at 13 ("Because the Court did not deny Ford's motion with prejudice on this point . . . Ford respectfully asks the Court to reconsider its holding"); *see* Mot. at 15 ("In its prior order, the Court applied the 'substantially similar' test . . . .  Ford maintains that the 'substantially similar' test is invalid.").)  And even the cases Ford cites do not countenance a defendant's recycling of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                                Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

previously-rejected arguments.  *See, e.g.*, *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 951, n.3 (N.D. Cal. 2024) ("What the Court says here should not be construed as license simply to reassert arguments the Court previously rejected, unless the arguing party has new, controlling authority decided after the Court's initial order.").

The Court sees no reason to depart from its prior Order on these issues.  Accordingly, for the reasons stated in its previous Order, the Court denies Ford's motion to dismiss insofar as it argues that Plaintiffs' "'loss in value' damages do 'not constitute a distinct and palpable injury,'" and that Plaintiffs lack standing as to the models that they did not purchase.  (Mot. at 13, 15; Order Re MTD FAC at 6–12.)  The Court therefore addresses only whether the Recall impacts the standing, mootness, and ripeness analysis.  *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (justifying reconsideration of an issue where "changed circumstances exist").

### 1.   Recall's Impact on Standing and Mootness

Ford argues that Plaintiffs suffer no injury in fact in light of the Recall because they have failed to "plead facts suggesting that the defect will remain 'after the recall remedy has been completed.'"  (Mot. at 15 (citing *Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *6 (N.D. Cal. Aug. 21, 2019).)  In the same vein, Ford also argues that the Recall renders this case prudentially moot because "the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits."  (Mot. at 16 (quoting *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012)).)  Under the doctrine of prudential mootness, a court may refrain from providing relief where "circumstances have changed since the beginning of litigation that forestall any occasion for meaningful relief."  *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135 (9th Cir. 2014) (quoting *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1142 (9th Cir. 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                    Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

      The Court rejects Ford's arguments.[2]  With their opposition, Plaintiffs submit declarations discussing the remedial effects of the Recall.  (Salas Decl., Doc. 34-1; Gonzalez Decl., Doc. 34-2); *see Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").  Plaintiffs state that the Recall "will only provide [] a mere 12-minute window, in the event of a battery failure, to get passengers and any belongings out of the Vehicle," and that "after this short 12-minute window expires, the only way to open the car doors upon battery failure, is to purchase after-market equipment to jumpstart the vehicle twice[.]"  (Salas Decl. ¶¶ 15–16; Gonzalez Decl. ¶¶ 15–16.)  Plaintiffs further aver that the Recall will not provide the vehicles with a "non-electric method of entry, like a hard key."  (Salas Decl. ¶¶ 17; Gonzalez Decl. ¶¶ 17.)  Plaintiffs therefore assert that "the Vehicle will still remain defective" even after the Recall, and that Recall further fails to "provide [them] with any monetary compensation for [their] loss of the benefit of the bargain."  (Salas Decl. ¶¶ 18–19; Gonzalez Decl. ¶¶ 18–19.)

      In reply, Ford does not contest Plaintiffs' characterization of the Recall, or argue that it indeed will cure the Defect entirely.  Instead, Ford argues that "neither [Plaintiff] has availed himself of the recall," but this argument is more relevant to ripeness, which the Court discusses below.  (Reply at 10.)  Thus, the evidence suggests that the Recall

---

    [2] The Court assumes, without deciding, that prudential mootness is an applicable doctrine in concluding that this action is not prudentially moot.  *See Maldonado v. Lynch*, 786 F.3d 1155, 1161 n.5 (9th Cir. 2015) ("[W]e have not adopted prudential mootness *per se*. . . .  [W]e have applied prudential mootness only in the bankruptcy context, when there are no assets left to distribute.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                                 Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

will not fully fix the Defect, but will only mitigate or delay its appearance in certain situations, meaning that Plaintiffs' alleged economic harms will continue even after the Recall.  *See Bermudez v. Home Design Inc.*, 2025 WL 1802585, at *2 (C.D. Cal. June 23, 2025) (finding that the plaintiff had standing despite a voluntary recall because he was offered only "a repair kit," so he sought "relief beyond that provided"); *Philips v. Ford Motor Co.*, 2016 WL 693283, at *7 (N.D. Cal. Feb. 22, 2016) ("[A]n incomplete offer that does not meet plaintiff's full demand does not render claims moot.") (quoting *Verde v. Stoneridge, Inc.*, 2015 WL 5915262, *4 (E.D. Tex. Sept. 23, 2015)).  The Court therefore concludes that Plaintiffs have plausibly alleged injury in fact, and that this action provides Plaintiffs with the "occasion for meaningful relief."  *Deutsche Bank*, 744 F.3d at 1135 (quoting *Hunt*, 560 F.3d at 1142).

### 2.  Recall's Impact on Ripeness

Ford alternatively argues that the Recall renders this action not ripe.  Insofar as Ford argues that this action is not constitutionally ripe, the Court disagrees.  "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing."  *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).  Because the Court has already determined that Plaintiffs sufficiently allege a concrete economic injury, Plaintiffs' claims are constitutionally ripe.

Ford contends that because Plaintiffs have not yet availed themselves of the Recall, "'prudential considerations' weigh in favor of dismissing Plaintiffs' claims as unripe."  (Mot. at 18.)  "To evaluate the prudential component of ripeness, [courts] weigh two considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"  *Wolfson*, 616 F.3d at 1060 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).  "Prudential considerations of ripeness are discretionary."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                           Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000).  "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final."  *US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999).  "To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss."  *Id.*

Ford cites to this Court's decision in *Elkins v. American Honda Motor Co.*, to argue that this case is not prudentially ripe.  2020 WL 4882412 (C.D. Cal. July 20, 2020) (Staton, J.).  In *Elkins*, the plaintiffs alleged that their vehicles contained a defective AC system.  *Id.* at *1.  Honda had provided the owners with a warranty extension program that would repair the vehicles' AC condensers and provide owners with reimbursement for prior repairs, but the plaintiffs alleged that Honda's warranty extension program would not cover the "systemic" repairs needed for the AC system.  *Id.* at *5.  However, the plaintiffs' assertion that the repairs would be insufficient was unsupported and speculative.  *Id.*  Thus, this Court concluded that it would be "better positioned to rule on the efficacy and legal sufficiency of Honda's warranties" after the plaintiffs availed themselves of the warranty extension program.  *Id.*

*Elkins* is distinguishable from the present case.  In *Elkins*, the parties disputed whether the fix provided under the warranty would fully remedy the AC defect, *id.* at *5, but here, the extent to which the Recall will address the Defect is clear.  The parties do not dispute that after receiving repairs provided by the Recall, a vehicle's doors may be opened for 12 minutes after the battery dies after key-off, but not beyond that.  The parties further do not dispute that vehicle owners will receive no monetary compensation for the diminished value of their vehicles.[3]  *See Rosen v. Mercedes-Benz USA, LLC*, 2022

---

[3] Ford suggests that the Recall will provide vehicle owners with reimbursement for past repair expenses (Reply at 10 n.2), but Plaintiffs do not seek reimbursement for past repairs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                      Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

WL 20766104, at *3 (N.D. Ga. Nov. 1, 2022) (finding a dispute involving unjust enrichment and UCL claims to be fit for decision because "Plaintiffs assert that the Program does not make them whole" and that "the Program does not provide any reimbursement for the diminution of value of the vehicles").  Additionally, in *Elkins*, the plaintiffs' experiences with the warranty extension program would directly inform the Court's evaluation of the "sufficiency and adequacy of Honda's warranties," which was central to the plaintiffs' claims.  *Elkins*, 2020 WL 4882412, at *5.  By contrast, here, Plaintiffs' experiences with the Recall are at best tangential to their claims that Ford engaged in unfair competition and was unjustly enriched by manufacturing vehicles with the Defect and failing to disclose such a Defect.  *See Bolton v. Ford Motor Co.*, 2024 WL 3328522, at *3 (D. Del. July 8, 2024) (concluding that an action was prudentially ripe because "Plaintiffs' claims do not turn on the sufficiency of the 2023 recall").  Thus, any "further factual development" facilitated by waiting for Plaintiffs to avail themselves of the Recall would not enable the Court to better evaluate the claims at issue.  Plaintiffs' UCL and unjust enrichment claims are therefore fit for decision.

Furthermore, if the Court were to dismiss Plaintiffs' claims at this stage, Plaintiffs would suffer hardship.  Unlike in *Elkins*, in which "all but two of the [p]laintiffs' AC systems currently function[ed]," the Defect is present in all the class vehicles, and will continue to exist even after the vehicles have been repaired pursuant to the Recall.  *Elkins*, 2020 WL 4882412, at *6.  Plaintiffs would therefore be denied the opportunity for the Defect to be fully cured on the timeline that they prefer.  Plaintiffs additionally would be denied the opportunity to secure a more prompt monetary award that compensates them for the loss of value to their vehicles.

Accordingly, the Court finds that this action is fit for review.  Ford's motion to dismiss is DENIED insofar as it argues for dismissal on standing, mootness, and ripeness grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                   Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

### III. <u>MERITS</u>

#### A. **Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up).

Claims sounding in fraud must also pass muster under Rule 9(b) of the Federal Rules of Civil Procedure, which requires that allegations of fraud be made "with particularity." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s higher pleading standard, plaintiffs bringing claims sounding in fraud must sufficiently allege "'the who, what, when, where, and how' of the misconduct charged." *Brenner v. Procter & Gamble Co.*, 2016 WL 8192946, at *5 n.5 (C.D. Cal. Oct. 20, 2016) (Staton, J.) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

#### B. **Analysis**

##### 1. **UCL**

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, is written in the disjunctive, and a plaintiff can make out a UCL claim if he can show that a defendant's conduct is (1) unlawful, (2), unfair, or (3) fraudulent. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). Plaintiffs contend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-01701-JLS-PD | Date: December 26, 2025 |
| Title:  John Salas et al v. Ford Motor Company | |

that Ford's business practices are unlawful and unfair.  (SAC ¶¶ 140, 143–55; *see* Opp. at 23.)

The UCL provides a private plaintiff two equitable remedies: injunctive relief and restitution.  Cal. Bus. & Prof. Code § 17203; *Zhang v. Superior Court*, 57 Cal. 4th 364, 371 (2013).  As an initial matter, a plaintiff seeking equitable relief must "at a minimum, *plead* that [he] lacks adequate remedies at law."  *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at *3 (C.D. Cal. Oct. 9, 2024) (Staton, J.) (quoting *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis in original)).  "That is, plaintiffs must include substantive allegations in the complaint that 'explain why money damages are not an adequate remedy.'"  *Id.* (quoting *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 769 (C.D. Cal. 2022)).  Here, Plaintiffs allege that damages will not cure the Defect, and "the cost of doing so, including parts and labor, potentially exceeds the amount of monetary damages suffered as a result of the diminution in value."  (SAC ¶ 153.)  Plaintiffs further allege that restitution, unlike damages, may allow them "to recover all profits from the wrongdoing" and that "damages are not equally certain as restitution because claims under the UCL entail few elements."  (*Id.* ¶ 154); *see Chebul*, 2024 WL 5257021, at *3 ("Plaintiff has alleged specific facts showing that equitable restitution is more certain, prompt, or efficient than the legal remedies available, and that is enough to support Plaintiff's request for equitable restitution at this stage.") (internal quotation marks and citation omitted).  Ford does not argue that Plaintiffs have failed to plead inadequate remedies at law.  The Court therefore concludes that Plaintiffs have sufficiently pleaded that they lack adequate remedies at law, and proceeds to evaluate the merits of their UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01701-JLS-PD            Date: December 26, 2025
Title: John Salas et al v. Ford Motor Company

    **a)**     **Unlawful Prong**

    The "unlawful" prong of the UCL borrows violations from other laws and makes them independently actionable as unfair competitive practices. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). Plaintiffs allege that Ford engaged in unlawful conduct by violating the "Transportation Recall Enhancement, Accountability, and Documentation Act (the 'TREAD Act'), 49 U.S.C. 30101, *et seq.*, by failing to timely inform NHTSA of the nature, extent, and scope of the Defect and by allowing Class Vehicles to continue to be sold, leased, and used in a dangerous and defective condition." (SAC ¶ 143.) Plaintiffs, however, do not specify which specific provisions of the TREAD Act have been violated. And Plaintiffs do not plead any facts supporting a violation of those provisions. For instance, Plaintiffs do not allege when Ford informed NHTSA of the Defect, and why Ford's notification was untimely. In fact, Plaintiffs do not mention the TREAD Act, its requirements, or any alleged violations of the TREAD Act anywhere else in the SAC. *Cf. Trang v. Bank of Am., N.A.*, 2021 WL 3261637, at *6 (C.D. Cal. May 18, 2021) (Staton, J.) (concluding that the plaintiff failed to state a claim under the UCL's unlawful prong where the allegations under the unlawful prong were "the Complaint's first and only reference to [the relevant statute], and [the plaintiff] does not specify which provisions [the defendant] is alleged to have violated"). Nor does Plaintiffs' opposition clarify why Ford may have violated the TREAD Act. (*See* Opp. at 23–24 ("Plaintiffs plausibly allege a violation of the TREAD Act under the unlawful prong of the UCL . . . . This is all that is required to sustain a claim under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-01701-JLS-PD | Date: December 26, 2025 |
| Title: John Salas et al v. Ford Motor Company | |

'unlawful' prong of the UCL.").)  Accordingly, the Court concludes that Plaintiffs have failed to state a claim under the unlawful prong of the UCL.

      **b)**      **Unfair Prong**

California law is "in flux" when it comes to what constitutes an "unfair" business practice in a UCL action by a consumer.  *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1245 (N.D. Cal. 2017) (internal citations omitted); *see also Progressive W. Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 285 (2005) (noting that *Cel-Tech* set out the definition of "unfair" conduct in the context of a direct competitor suit, not a consumer action).  This Court previously adopted the well-reasoned balancing test from *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394 (2006), to determine whether an act is "unfair" in an action by a consumer.  *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1165 (C.D. Cal. 2011); *see also Lin v. JPMorgan Chase Bank, N.A.*, 2024 WL 5182199, at *10–11 (C.D. Cal. Aug. 15, 2024) (Staton, J.) (discussing courts' applications of the *Camacho* test).  Under that test, a business act is "unfair" in violation of the UCL if it (1) causes a substantial consumer injury; (2) the injury outweighs any countervailing benefits to consumers or competition; and (3) the injury could not reasonably have been avoided.  *Camacho*, 142 Cal. App. 4th at 1404.

Plaintiffs allege that Ford engaged in an unfair business act by "knowingly or intentionally selling the Class Vehicles, all of which have the defect without adequate disclosure."  (SAC ¶ 144.)  Plaintiffs' claims sound in fraud and therefore must be pleaded with particularity under Federal Rule of Civil Procedure 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009).  However, the Rule 9(b) standard is "somewhat relaxed" when a claim rests on allegations of fraudulent omission.  *Tappana v. Am. Honda Motor Co., Inc.*, 609 F. Supp. 3d 1078 (C.D. Cal. 2022) (internal quotation marks and citations omitted).  Moreover, Plaintiffs are not required to plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                            Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

duty to disclose to state a claim under the UCL's unfair prong.  *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865–66 (9th Cir. 2018) ("[T]he lack of a duty to disclose does not necessarily dispose of claims under the unfair prong."); *see also Steele Logistics Inc. v. Advance Funds Network LLC*, 2025 WL 870124, at *8 n.5 (C.D. Cal. Feb. 10, 2025) (Staton, J.).  Rather, the unfair prong is "intentionally broad" and requires courts to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999) (citation and quotation marks omitted).

Plaintiffs have properly pleaded a violation of the UCL's unfair prong under the *Camacho* balancing test.  Plaintiffs allege that Ford failed to disclose that "the only way to enter the vehicle in the event of a battery failure is to buy an external power supply [and] jump start the car twice."  (SAC ¶¶ 52–54.)  Plaintiffs allege that as a result, "the Defect has left children stuck inside a Ford Mustang Mach-E," and that Plaintiffs "paid more to own or lease their Class Vehicles than they would have paid."  (*Id.* ¶¶ 29, 48, 87.)  Plaintiffs further plead facts to show that Ford's failure to disclose a "significant safety risk" is not justified by any countervailing benefits.  (*Id.* ¶ 43.)  Plaintiffs allege that the E-Latch system "impairs the utility and value of the vehicle," despite being marketed as "an easier way to access your vehicle."  (*Id.* ¶¶ 24, 73.)  Plaintiffs allege that Ford "has long known about this Defect"[4] that Ford could have easily warned consumers about the Defect by providing Plaintiffs information about the Defect "through their interactions with Defendant's dealership personnel and agents[,]" "all the various marketing and advertising Defendant undertake[s]," "affix[ing] a warning about the Defect which Plaintiff would have necessarily seen by looking and sitting in this vehicle

---

[4] The Court already determined in its previous Order that Plaintiffs had pleaded sufficient facts in their FAC to establish pre-sale knowledge, and Plaintiffs' SAC contains the same relevant facts.  (Order Re MTD FAC at 15–17; SAC ¶¶ 23 n.4, 27 n.7, 30 n.9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                              Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

itself," "and through full and complete disclosure through recalls."[5]  (SAC ¶¶ 76–77.)  Finally, Plaintiffs allege facts to show that a consumer could not have reasonably avoided the injury.  Specifically, Plaintiffs allege that "[t]here is limited publicly available information about the Defect," that "Plaintiffs and the Class lacked access to the design and manufacturing materials necessary to understand the existence and cause of the Defect," and that they "reasonably believed upon purchase that [their vehicles] would be fit for the ordinary purpose for which it was used, i.e., to be able to access the vehicle safely[.]").  (*Id.* ¶¶ 59–60, 67.)  Plaintiffs therefore sufficiently allege that Ford's behavior has resulted in substantial unjustifiable harm to consumers.  Ford argues that Plaintiffs' allegations under the unfair prong only echo the legal standard, but Ford does not provide any arguments as to why its business practices may have been justified.  (Mot. at 24; Reply at 18); *see Junod v. NWP Servs. Corp.*, 2015 WL 12712309, at *3 (C.D. Cal. Apr. 2, 2015) (Staton, J.).  Accordingly, Plaintiffs successfully state a claim under the "unfair" prong of the UCL.

Ford's motion to dismiss Plaintiffs' UCL claim is therefore DENIED.

### 2. Unjust Enrichment

Under California law, "[t]here is no cause of action for unjust enrichment.  Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006).  As Plaintiffs' claim for unjust enrichment requests restitution, (SAC ¶ 159), the Court construes the claim as one for restitution. *See Gustafson v. BAC Home*

---

[5] Although Ford initiated a Recall in June 2025, Plaintiffs bought their vehicles in July 2022 and April 2024, meaning that Ford's alleged failure to disclose the Defect prior to Plaintiffs' purchases, including its failure to initiate a recall prior to Plaintiffs' purchases, is actionable behavior insofar as it created substantial unavoidable injury to Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01701-JLS-PD                                                                 Date: December 26, 2025
Title:  John Salas et al v. Ford Motor Company

*Loans Servicing, L.P.*, 2012 WL 7071488, *12 (C.D. Cal. Dec. 26, 2012).  Nevertheless, the Court finds Plaintiffs' request for restitution to be duplicative, as Plaintiffs already seek restitution in their prayer for relief and are entitled to it should they prevail on their UCL claim.  *See* Cal. Bus. & Prof. Code § 17203; *Clark v. Superior Court*, 50 Cal. 4th 605, 613 (2010) ("The only monetary remedy available in a private action under the unfair competition law is restitution.").

Accordingly, the Court GRANTS Ford's motion to dismiss Plaintiffs' claim for unjust enrichment; the dismissal is without leave to amend.

**IV.     CONCLUSION**

For the above reasons, Ford's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Plaintiffs' unjust enrichment claim is DISMISSED WITHOUT LEAVE TO AMEND.

Initials of Deputy Clerk: kd