KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiffs

KRISTYN WONG (346644)
Kristyn.wong@kleinthomaslaw.com
KLEIN THOMAS LEE & FRESARD
1920 Main Street, Suite 230
Irvine, California 92614
Tel: (949) 676-4570

FRED J. FRESARD (*pro hac vice*)
fred.fresard@kleinthomaslaw.com
IAN K. EDWARDS (*pro hac vice*)
ian.edwards@kleinthomaslaw.com
KLEIN THOMAS LEE & FRESARD
89 Kercheval Ave.
Grosse Pointe Farms, MI 48236
Tel: (248) 509-9270

BRANDON L. BOXLER (*pro hac vice*)
brandon.boxler@kleinthomaslaw.com
KLEIN THOMAS LEE & FRESARD
Three James Center
1051 E. Cary St., Suite 1430
Richmond, Virgina 23219
Tel: (703) 621-2109

Attorneys for Defendant Ford Motor Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN REITER and FRANCISCO XAVIER GONZALEZ, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

FORD MOTOR COMPANY

Defendant.

Case No. 2:25-cv-01701-JLS-PD

STIPULATED PROTECTIVE ORDER

(PD Version)

☐ Check if submitted without material modifications to PD form

1. INTRODUCTION

1.1 PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 GOOD CAUSE STATEMENT

The good cause standard for nondispositive orders as set forth in *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), "namely that 'the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action'," applies to this case. This action is likely to involve trade secrets, personal identifying information and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information, information regarding confidential business practices, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

This class action alleges a purported defect in certain Ford Mustang Mach-E vehicles manufactured by Ford Motor Company between 2022 to 2025 that contain electronically latched doors, which Plaintiffs allege that upon battery failure or loss of power to the vehicle, require the batteries to jump started in order for the driver and passenger doors to open from outside the vehicle, which Plaintiffs contend presents a safety risk. Plaintiffs' Third Amended Complaint, ¶ 1, Dkt. 66. The parties anticipate conducting (1) written discovery, including the exchange of documents and information that contains Defendant Ford Motor Company's ("Ford") confidential trade secrets and proprietary information and that of Ford's suppliers, (2) possible depositions of named class representatives, witnesses, corporate representatives, and/or experts, and (3) vehicle inspections.

The information and documents Ford will likely produce in this matter are used in Ford's and/or its suppliers' business of designing, manufacturing, development, testing, and/or root cause analyses of Ford's products, including the vehicles identified in Plaintiffs' Third Amended Complaint. This information also provides Ford and/or its suppliers with an advantage in that market over anyone who does not have such information. The value and utility of this information is not dependent on the specific design of the vehicle being manufactured, and the processes identified could have or do have an application across a range of different vehicles. Additionally, information regarding the particular root cause analysis with regard to the identified vehicles would provide competitors with information regarding Ford's and/or its supplies' confidential processes for vehicle design, development, root cause analysis, and testing. If this information were to be publicly disseminated, Ford's and/or its suppliers' competitive positions in the marketplace would be harmed and Ford and/or its suppliers would be injured.

The automotive industry is highly competitive and being first to market

with a new concept or new features can confer a distinct competitive advantage to an automotive manufacturer, translatable into sales and profits. The types of materials described derive economic value from their confidential status; any public access will destroy that value and injury will result to Ford and/or Ford's suppliers. This information has not been released to the public and it is not generally distributed outside of Ford's or its suppliers' businesses absent appropriate confidentiality protections. In short, disclosure of Ford's and/or its suppliers' confidential and trade secret information without adequate protection would cause economic harm.

2. DEFINITIONS

2.1 Action: this pending federal lawsuit, *Gonzalez v. Ford Motor Co.*, Case No. 2:25–cv–01701–JLS– PD, U.S. District Court, Central District of California.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

(a) "HIGHLY CONFIDENTIAL" Information or Items: the Designating Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it meets the requirements for "CONFIDENTIAL" information, as set forth above, and which a Designating Party believes in good faith that it would likely cause competitive, commercial, or financial injury if disclosed beyond those designated in paragraph 7.2 below. This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the

Designating Party maintains as highly confidential in its business, *e.g.*, materials relating to future products, strategic plans, non-public financial data, and trade secrets. This designation also includes information obtained from a non-party pursuant to a nondisclosure agreement that falls within the foregoing definition of HIGHLY CONFIDENTIAL material unless the non-party permits a different designation in writing.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as “CONFIDENTIAL,” “SUBJECT TO PROTECTIVE ORDER,” or “HIGHLY CONFIDENTIAL.”

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are

affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL." To the degree the Producing Party reasonably believes that its disclosure of any information requires additional protection beyond the HIGHLY CONFIDENTIAL designation, the Parties agree to meet and confer to determine whether an amendment to this Stipulated Protective Order is needed.

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this litigation.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate legend "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL," (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made

available for inspection will be deemed "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL," as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party (i) identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or (ii) designation of the pages and lines of the transcript (including exhibits) which contains Protected Material by written notice served on counsel of record in this Litigation within twenty-one (21) calendar days after the receipt of the final transcript of such Proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). Portions of deposition transcripts containing PII shall automatically be deemed as "CONFIDENTIAL" without designation unless a Party designates such information as "HIGHLEY CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an

inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Personal Identifying Information. A Producing Party may produce records in this litigation that contain Personally Identifying Information ("PII") of certain individuals. While a Producing Party may redact PII, redacting certain PII may be unduly burdensome, and thus such Party may choose to not redact PII in all documents produced subject to applicable law or regulation. The Parties agree that any PII contained in documents produced in this litigation shall be treated as Protected Material or information as appropriate, pursuant to the terms of this Order. To the degree either Party believes substantial redactions are necessary, the Parties agree to meet and confer to discuss the scope of any substantial redactions to documents. Nothing in this paragraph shall be construed as a waiver by the Parties of their position that the Parties are entitled to redact PII.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens

on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that no disclosure shall be made to any expert or consultant who is currently directly employed by a competitor of the Producing Party. Competitors would include any original automotive manufacturer or tech company, including Toyota, Volkswagen Group, BMW Group, Hyundai Motor Group, Kia, Mercedes-Benz Group, BAIC Group, Renault, Volvo, Mitsubishi Motors, General Motors, Stellantis N.V., FCA US LLC, BYD Company Ltd., SAIC Motor Corporation Limited, Zhejiang Geely Holding Group, Honda Motor Co. Ltd., Hyundai Motor Company, Nissan, Suzuki, Tesla, Mazda, Subaru, FAW Group Corporation, Chery Automobile Co., Ltd., GAC Group, Dongfeng, Changan Automobile Co., Ltd., Rivian, Lucid, Tata Motors Limited, NIO Ind., XPeng, Ing., Li Auto, Incl, Leapmotor, VinFast Auto Ltd., Xiaomi Corporation, Great Wall Motor Company Limited, Mahindra & Mahindra, Isuzu Motors, Polestar, Zeekr, AITO/Seres, Leapmotor, NIO, XPeng, Apple, and Microsoft;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the “Acknowledgment and Agreement to Be Bound” (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Documents designated HIGHLY CONFIDENTIAL shall be disclosed only to persons described in paragraphs 7(a), (b), (c), (d), (e), (f), (h) and (i).

7.4 Counsel for the Parties shall retain each such executed “Acknowledgment and Agreement to Be Bound” (Exhibit A) and a list of the Protected Material disclosed to each actual or potential witness who signed the Exhibit A and was shown Protected Material outside of a deposition or in-court testimony. After the termination of this litigation (including appeals), the Receiving Party shall produce to the Producing Party a list of the Protected Material disclosed to each non-testifying witness or consulting expert outside of a deposition or in-court testimony, organized by Bates number, and listing the number of non-testifying witnesses and consulting experts to whom each Protected Material has been disclosed outside of a deposition or in-court testimony. This production shall not include identifying information about the witnesses and shall be organized document-by-document. The Receiving Party

must keep a list of which non-testifying witnesses and consulting experts reviewed which documents. The Producing Party may move for disclosure of the names of witnesses to whom Protected Material was shown upon a showing of good cause and this Court will determine whether production of the names is warranted.

7.5 As the Protected Material may be distributed only to the persons described in paragraph 7.2 and 7.3 solely for purposes of this litigation, such persons may not post Protected Material on any public website and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Material, Confidential, or Highly Confidential information contained therein or the fact that such persons have obtained a Party's Protected Materials and confidential information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as “CONFIDENTIAL,” “SUBJECT TO PROTECTIVE ORDER,” or “HIGHLY CONFIDENTIAL,” before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party’s permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY’S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as “CONFIDENTIAL,” “SUBJECT TO PROTECTIVE ORDER,” “HIGHLY CONFIDENTIAL.” Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party’s confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party’s confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties may disclose and produce responsive Discovery Material to each other in this litigation and seek to do so without risking waiver of any attorney-client privilege, work product, or other applicable privilege or protection. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Upon notification by the Disclosing Party, the Receiving Party may make no use of the inadvertently produced Discovery Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent or mistaken disclosure of Protected Material in this action is not a waiver of the attorney-client privilege, work product doctrine, or any other asserted privilege in any other federal or state proceeding.

12. USE OF ARTIFICAL INTELLIGENCE

12.1 Prohibition on Public AI Tools. No Receiving Party shall input, upload, link, or submit another material marked as “CONFIDENTIAL,” “SUBJECT TO PROTECTIVE ORDER,” or “HIGHLY CONFIDENTIAL”, into any public or “open” generative artificial intelligence (“AI”) platform, large language model (“LLM”), or similar platform (including, but not limited to, the non-enterprise versions of ChatGPT, Claude, Gemini, Perplexity). Submission of material marked as “CONFIDENTIAL,” “SUBJECT TO PROTECTIVE

ORDER," or "HIGHLY CONFIDENTIAL to such tools is deemed a disclosure to a non-authorized third party and a violation of this Order.

12.2 Permitted "Closed" AI Environments. The use of generative AI in connection with Protected Discovery Material is strictly limited to the following "Closed" environments:

(a) Secure Legal Research Platforms: Established legal research services (*e.g.*, Westlaw, Lexis+AI) that are contractually prohibited from storing or using inputs to train or improve its model. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Stipulated Protective Order with respect to Confidential information;

(b) Integrated E-Discovery/Case Management Platforms: Secure discovery platforms (*e.g.*, Relativity, Everlaw) that maintain SOC 2 Type II or equivalent security certification, including their integrated AI-assisted review features (such as Technology Assisted Review/TAR) used directly or through qualified electronic discovery or litigation-support vendors; or

(c) Enterprise-Grade Closed Systems: AI tools provided through a secure enterprise agreement that explicitly: (1) prohibits the tool developer from accessing or using the data for any purposes other than providing services to the receiving Party; (2) ensures the data is isolated from other users; and (3) provides for the ability to remove or delete all Confidential information upon request.

12.3 A party utilizing an approved, "closed" AI platform, as described in Paragraph 12.2, may utilize such technology within the approved methods of this Protective Order. Pursuant to the terms of this Protective Order, if a party believes another party is using AI platforms in violation of this Order, then

any party to this Order shall have the right to inquire about the platform utilized and object to such usage based on security concerns.

12.4 A party intending to use AI that it contends meets the requirements in subparagraphs 12.2 above must retain written documentation of these contractual protections.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. All documents or testimony that are filed with the Court that contain any portion of any Protected Material or information therefrom shall be filed under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 Regulatory Agency or Governmental Agency. This Protective Order shall not be construed to prohibit any Party's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. If any Party has a reasonable

belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, material subject to this Protective Order may only be disclosed to such regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 C.F.R. § 512 or similar applicable rules. Ford will, in that instance, provide Plaintiffs with a copy of any disclosure, pursuant to this Protective Order, if appropriate, to the regulatory agency or governmental entity unless the regulatory agency objects or does not consent to the disclosure. If other Parties to this Protective Order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the foregoing procedure.

13.5 The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party.

13.6 This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

13.7 This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, legal representatives, assigns, subsidiaries, employees, or other persons or organizations over which they have control, and remain binding following final determination of this Litigation.

## 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This includes the secure destruction or deletion of Protected Documents provided to any person, including independent experts. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to

disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

KAZEROUNI LAW GROUP, APC

DATED: November 4, 2026 *_/s/ Pamela Prescott*

Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
Pamela Prescott (SBN: 328243)
pamela@kazlg.com
245 Fischer Ave., Unit D1
Costa Mesa, California 92626
(800) 400-6808
(800) 520-5523 (fax)

DIAB CHAMBERS LLP
Edward S. Diab, Esq. (SBN: 262319)
ed@dcfirm.com 10089 Willow
Creek Rd, Ste 200 San Diego, CA
92131 (619) 350-6155

*Attorneys for Plaintiff*

KLEIN THOMAS LEE & FRESARD

DATED: November 4, 2026 *_/s/ Ian K. Edwards*

Kristyn Wong (SBN: 346644)
1920 Main Street, Suite 230
Irvine, California 92614
Tel: (949) 676-4570

Fred Fresard (pro hac vice)
fred.fresard@kleinthomaslaw.com
Ian K. Edwards (pro hac vice)
ian.edwards@kleinthomaslaw.com

101 W. Big Beaver Rd., Suite 1400
Troy, Michigan 48084
Tel: (248) 509-9272

Brandon L. Boxler (pro hac vice)
brandon.boxler@kleinthomaslaw.com
Three James Center
1051 E. Cary St., Suite 1430
Richmond, Virginia 23219
Tel: (703) 621-2109

Attorneys for Defendant
FORD MOTOR COMPANY

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 05, 2026

Patricia Donahue

HON. PATRICIA DONAHUE
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [**full name**], of _________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ________ [date] in the case of *Gonzalez v. Ford Motor Company*, Case No.: 2:25-cv-01701-JLS-PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [**full name**] of _______________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where signed: _________________________________

Printed name: _______________________________

Signature: __________________________________